Filed by YH D.C.

Jan 23, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20036-CR-MARTINEZ/OTAZO-REYES

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

NELKYS TABARES,

            Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant **NELKYS TABARES** was a resident of Miami-Dade County.

2. Juana Quintero was a resident of Miami-Dade County.

### COUNT 1
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around October 2013, and continuing through at least January 23, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NELKYS TABARES,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Juana Quintero and others, known and unknown to the Grand Jury, to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

3. It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2
### Money Laundering
### (18 U.S.C. 1956(a)(1)(B)(i))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about January 23, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NELKYS TABARES,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, cash a check issued by TD Bank in the amount of $7,900, which financial transaction

involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

3. It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347; wire fraud, in violation of Title 18, United States Code, Section 1343; and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(1))

1. The allegations in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **NELKYS TABARES**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. The property subject to forfeiture includes, but is not limited to, a sum of approximately $169,462 in United States currency, which represents the total amount of funds involved in the violations of Title 18, United States Code, Section 1956, alleged in this Indictment, and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ROBERT ZINK
CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

ALLAN MEDINA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

NELKYS TABARES,

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ___ | No ___ |
| Number of new defendants | ___ | |
| Total number of counts | ___ | |

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   ✓
   - II  6 to 10 days  ___
   - III 11 to 20 days ___
   - IV  21 to 60 days ___
   - V   61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
ALEXANDER THOR POGOZELSKI
DOJ TRIAL ATTORNEY
COURT ID NO. A5502549

*Penalty Sheet(s) attached                                                                REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**           **NELKYS TABARES**

**Case No:** _____

Count #:  1

  Conspiracy to Commit Money Laundering

  Title 18, United States Code, Section 1956(h)

**\*Max Penalty**:    Twenty (20) years' imprisonment

Count #:  2

  Money Laundering

  Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Max Penalty**:    Twenty (20) years' imprisonment

Count #:

_____

_____

**\*Max Penalty**: _____

Count #:

_____

_____

**\*Max Penalty**: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**