UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CR-20036-MARTINEZ

UNITED STATES OF AMERICA

v.

NELKYS TABARES,

        Defendant.
_____/

### UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America (the "United States"), by and through the undersigned attorney, hereby files this response to the paperless standing discovery order (the "Standing Discovery Order") entered by the Court on January 30, 2020. (D.E. 4). This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

| | |
|---|---|
| Rule 88.10(a): | The United States has produced or is otherwise making available to the Defendant for inspection and copying all reports of law enforcement agents memorializing known oral statements made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent. |
| | The United Sates has produced or is otherwise making available to the Defendant for inspection and copying all known written and recorded statements made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent. |
| | The United States has produced or is otherwise making available to the Defendant for inspection and copying all known written and recorded statements made by the Defendant in connection with this matter. |

1

The Defendant has not testified before a grand jury in connection with the charged offenses.

The United States has produced a copy of the Defendant's criminal history to the Defendant.

The United States has produced or is otherwise making available to the Defendant for inspection and copying all books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are material to the preparation of the Defendant's defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the Defendant. Specifically, they can be inspected at a facility operated by the United States Attorney's Office for the Southern District of Florida in Miramar, Florida, and a facility operated by the United States Department of Health and Human Services-Office of Inspector General in Miami Lakes, Florida. Please contact HHS-OIG Special Agent Edward Ramirez to arrange a date and time for review that is convenient for both parties; his contact information is available upon request.

Please be aware that these records and documents (including but not limited to Medicare data, patient files, and bank and financial records) contain confidential information concerning individuals who are not parties to the above-referenced case, including what purports to be social security numbers, and individually identifiable health, medical, and financial information. <u>Prior to making such material available, the United States has required defense counsel to execute and return to the United States a confidentiality agreement.</u>

Upon execution and return of the confidentiality agreement, the Government will make the above-referenced materials available for inspection or will provide materials to the Defendant in electronic format, as set forth above.

The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, etc. that the United States may introduce at trial.

There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

Rule 88.10(b):   **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests that the Defendant comply with the obligations that arise under Federal Rule of Criminal Procedure 16(b)(1)(A) and (b)(1)(B) and Local Rule 88.10(b) and hereby requests reciprocal discovery under these rules.

Rule 88.10(c): The United States will disclose any information or material which may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 383 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

Rule 88.10(d): The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *Giglio v. United States*, 406 U.S. 150 (1972) and *Napue v. Illinois*, 260 U.S. 264 (1959).

Rule 88.10(e): The United States will disclose any prior convictions of any alleged informant who will testify for the United States at trial.

Rule 88.10(f): The United States will make available to the defense for inspection at a mutually convenient time at the facility identified above any photo array or similar identification proceedings in connection with the charged offenses.

Rule 88.10(g): The United States has advised its agents and officers involved in this case to preserve all rough notes.

Rule 88.10(h): The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Rule 404(b), Federal Rules of Evidence. The defense is hereby on notice that all evidence made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this case, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine).

Rule 88.10(i): The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11) of any electronic surveillance.

Rule 88.10(j): The United States has, or is in the process of having, transcribed the grand jury testimony of all witnesses who will testify for the United States at trial.

Rule 88.10(k): No contraband of the type described in Paragraph K of Local Rule 88.10 is involved in this indictment.

Rule 88.10(l): The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession.

Rule 88.10(m): The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the Defendant.

Rule 88.10(n):   The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Rule 88.10(o):   The United States will comport with the schedule of discovery as outlined in Paragraph O of Local Rule 88.10.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to ensure a fair trial.

**Demand for Reciprocal Discovery**.  In addition to the above-listed demands for reciprocal discovery, the United States hereby requests reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1)(C).  The United States requests disclosure of the identity and qualifications of the Defendant's expert witnesses.  The United States further requests a written summary of testimony the Defendant intends to use or offer at trial under Federal Rules of Evidence 702, 703, or 705.

In addition to the request made above by the United States pursuant to Section B of Local Rule 88.10 and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands notice of alibi defense; the approximate time, date, and place of the offense is listed in the charging instrument.

**DATED**: February 10, 2020

Respectfully submitted,

ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   */s/ Alexander Pogozelski*

Alexander Pogozelski (FL Bar # A5502549)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 510-2208
Email: alexander.pogozelski@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        By:    */s/ Alexander Pogozelski*
                 Alexander Pogozelski
                 Trial Attorney
                 United States Department of Justice