UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-20036-MARTINEZ

UNITED STATES OF AMERICA

vs.

NELKYS TABARES,

        Defendant.

_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Defendant Nelkys Tabares (the "Defendant" or "Tabares") hereby acknowledges and agrees that, if this case were to go to trial, the United States would establish and prove the following facts beyond a reasonable doubt:

From in or around October 2013 through at least January 23, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, Tabares did knowingly and willfully combine, conspire, confederate, and agree with co-conspirators, in violation of Title 18, United States Code, Section 1956(h), to commit money laundering, that is, to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section

EXHIBIT 1

1956(a)(1)(B)(i). The specified unlawful activity was conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349; health care fraud, in violation of Title 18, United States Code, Section 1347; and wire fraud, in violation of Title 18, United States Code, Section 1343.

Golden Home Health Care, Inc. ("Golden") and Homestead Home Health Care LLC ("Homestead") were Florida entities that did business as home health agencies in Miami-Dade County, Florida. Golden and Homestead were engaged in health care fraud by, among other things, paying kickbacks to patient recruiters and submitting false and fraudulent claims to Medicare. Standing 24/7 Inc. was a shell company established by Tabares at the direction of co-conspirator Juana Quintero. Standing 24/7 Inc. did not provide any legitimate services to Golden or Homestead.

Tabares was never an employee of Golden or Homestead and never otherwise had any legitimate affiliation with these entities. Nevertheless, between October 2013 and January 23, 2015, Tabares received and cashed checks issued by Golden and Homestead with an aggregate value of $169,462. Those checks were drawn on the bank accounts of Golden and Homestead and represented the proceeds of health care fraud and wire fraud. Tabares cashed the checks issued by Golden and Homestead and collected a fee of 10% for doing so. Tabares then returned the remaining fraud proceeds in cash to her co-conspirators for their own use and to further the fraud. Tabares knew and understood that the checks she received and cashed represented the proceeds of some form of unlawful activity carried out by her co-conspirators. Some of the checks Tabares cashed were intentionally disguised in the memo lines with notations such as "Rendered Services,"

despite the fact that neither Tabares nor her shell company ever provided any legitimate services to the home health agencies.

In total, Tabares is responsible for laundering approximately $169,462 in fraud proceeds.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning the criminal activity in which I and others were engaged. I make this statement knowingly and voluntarily because I am in fact guilty of the crimes charged.

Date: 3/21/20

By: _____
NELKYS TABARES
DEFENDANT

Date: 5/21/20

By: _____
DAVID A. DONET, JR.
COUNSEL FOR THE DEFENDANT

Date: 5.21.20

By: _____ /ATP
ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE